UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON, | CASE NO. C16-1738JLR |
| Plaintiff, | ORDER ON MOTIONS |
| v. | |
| DONALD P. WANG, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court are Plaintiff George Johnson's motion for default (MFD (Dkt. # 9)) and counsel for Defendant Donald P. Wang's motion to withdraw from this matter (MTW (Dkt. # 12)). The court has considered the motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Mr. Johnson's

//

---

[1] No party requested oral argument on either motion, and the court finds that oral argument would not be helpful to its disposition of the motions. Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

motion for entry of default, DIRECTS the Clerk to enter default, and GRANTS counsel for Mr. Wang's motion to withdraw.

## II.   BACKGROUND

On November 10, 2016, Mr. Johnson filed his complaint in this matter. (Compl. (Dkt. # 1).) Mr. Johnson alleges that Mr. Wang failed to pay Mr. Johnson $7,380.00 in wages. (*Id.* ¶ 8.) Mr. Johnson seeks compensatory and punitive damages for the alleged failure to pay wages, attorney's fees and costs, prejudgment interest, and other forms of relief. (*See id.* ¶¶ 7-8.)

On January 24, 2017, Mr. Johnson moved for entry of default against Mr. Wang. (MFD at 1.) Mr. Johnson supports his motion for entry of default with a declaration attesting that Mr. Wang was served on December 31, 2016. (*See* Merriam Decl. (Dkt. # 10) ¶ 2, Ex. 1.) Later that same day, attorney Thomas Waller appeared on Mr. Wang's behalf. (Not. (Dkt. # 11).) On February 2, 2017, Mr. Waller moved to withdraw as Mr. Wang's attorney. (MTW at 1.) On February 9, 2017, Mr. Wang filed an answer *pro se*. (Answer (Dkt. # 13).)

The court now addresses the motion for entry of default and the motion to withdraw.

## III.   ANALYSIS

**A.   Motion for Default**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.

R. Civ. P. 55(a). The court's local rules provide that an affidavit filed in support of a motion for default "shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4." *See* Local Rules W.D. Wash. LCR 55(a). In other words, proper service of the summons and complaint is a prerequisite to an order of default. *See id.*

A party fails to defend against the action when the party fails to file an answer or other responsive pleading. *See Friedmann v. Washington*, No. 09-5761RJB, 2010 WL 890053, at *1 (W.D. Wash. Mar. 8, 2010) (finding the entry of default inappropriate where the defendants had filed an answer); *but see Hunter v. Dutch Gold Resources, Inc.*, No. 1:11-cv-01450-CL, 2012 WL 3614336, at *1 (D. Or. Aug. 20, 2012) (finding that a party may signal that it intends to defend against the action by stating its intent and actively seeking counsel to represent it). A failure to defend makes it impractical—if not impossible—for the court to adjudicate the matter on the merits. *See Keehi Marine, Inc. v. Mia*, No. 14-00411 LEK-RLP, 2016 WL 3571421, at *3 (D. Haw. May 10, 2016).

Because Mr. Wang failed to defend against the action by the time Mr. Johnson moved for entry of default, the Clerk must enter default. *See* Fed. R. Civ. P. 55(a); (Dkt.) Mr. Johnson moved for entry of default on January 24, 2017 (MFD), whereas Mr. Wang's attorney did not appear in this matter until later that day[2] (Not.) and Mr. Wang

---

[2] Even if Mr. Wang's counsel had appeared before Mr. Johnson moved for entry of default, notice of appearance alone does not preclude entry of default when the defendant has taken no other actions in the case. *See United States v. Real Prop. Located at 4433 Colburn Culver Rd., Sandpoint, Bonner Cty., Idaho*, No. 2:10-cv-00181-REB, 2011 WL 4505355, at *2 (D. Idaho Sept. 28, 2011) (stating that a notice of appearance alone may be insufficient to

ORDER - 3

did not file an answer until February 9, 2017 (Answer).[3]  Mr. Wang does not oppose Mr. Johnson's motion.  (*See* Dkt.)  In addition, Mr. Johnson provides an affidavit that specifically shows that he served Mr. Wang with a copy of the summons and complaint on December 31, 2016.  (Merriam Decl. ¶ 2, Ex. 1.)  For these reasons, the court concludes that entry of default against Mr. Wang is appropriate and directs the Clerk to enter Mr. Wang's default.  If Mr. Wang wishes to defend against the action, he may move to set aside the default pursuant to Federal Rule of Civil Procedure 55(c) or contest any future motion for default judgment.[4]

//

//

---

preclude entry of default, but that when the notice is coupled with an objection to entry of default, entry of default is inappropriate).

In addition, Local Civil Rule 55(a)'s 14-day notice requirement, Local Rules W.D. Wash. LCR 55(a), does not apply here because counsel for Mr. Wang appeared after Mr. Johnson filed the motion for default (*compare* MFD, *with* Not.).

[3] Mr. Wang filed his answer *pro se*.  (*See* Answer.)  Pursuant to Local Civil Rule 83.2(b)(4), "[w]hen a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case . . . until after the party requests by motion to proceed on his or her own behalf."  Local Rules W.D. Wash. LCR 83.2(b)(4).  Accordingly, at the time he filed it, Mr. Wang's answer was improper.  However, the court will not strike Mr. Wang's answer because the court grants Mr. Waller's motion to withdraw as counsel.  *See infra* § III.B.  However, the court DIRECTS Mr. Wang to comply with all applicable Federal Rules of Civil Procedure and Local Civil Rules going forward.

[4] Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Courts in the Ninth Circuit evaluate whether a party has shown good cause to set aside an entry of default by analyzing three factors:  (1) "whether the plaintiff will be prejudiced," (2) "whether the defendant has a meritorious defense," and (3) "whether culpable conduct of the defendant led to the default."  *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (internal quotation marks omitted).  In addition, the court has discretion in deciding whether to grant a motion for default judgment after the Clerk has entered default.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing seven factors that guide the court's discretion in this area).

**B.    Motion to Withdraw**

Local Civil Rule 83.2(b)(1) provides that unless there is a change of counsel within the same law firm, an attorney may withdraw from representation only by leave of court.  Local Rules W.D. Wash. LCR 83.2(b)(1).  "Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal . . . ."  *Id.*  The court will ordinarily permit an attorney to withdraw until 60 days before the discovery cut-off.  *Id.*  A motion for withdrawal "shall include a certification that the motion was served on the client and opposing counsel."  *Id.*  In addition, if the attorney's withdrawal will leave a party unrepresented, the motion must include that party's address and telephone number.  *Id.*

Mr. Waller and the firm Bauer Moynihan & Johnson LLP move to withdraw as counsel of record for Mr. Wang.  (MTW at 1.)  The motion to withdraw certifies that on February 2, 2017, Mr. Waller served the motion and proposed order of withdrawal on Mr. Wang and opposing counsel, and the motion includes Mr. Wang's address and telephone number.  (*Id.*)  Mr. Waller also filed the motion more than 60 days before the discovery cut-off; indeed, the court has not yet issued a scheduling order in this matter.  (*See generally* Dkt.)  Further, no party opposes Mr. Waller's motion.  (*See generally id.*)  Accordingly, the court grants the motion to withdraw.

//
//
//
//

1  **IV.   CONCLUSION**

2  For the reasons set forth above, the court GRANTS Mr. Johnson's motion for

3  entry of default (Dkt. # 9), DIRECTS the Clerk to enter default against Mr. Wang, and

4  GRANT's Mr. Waller's motion to withdraw (Dkt. # 12).

5  Dated this 10th day of February, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge