UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON,<br><br>                      Plaintiff,<br>     v.<br><br>DONALD P. WANG, et al.,<br><br>                      Defendants. | CASE NO. C16-1738JLR<br><br>ORDER SETTING ASIDE THE DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT |

## I.   INTRODUCTION

Before the court is Plaintiff George Johnson's motion for default judgment against *in personam* Defendant Donald P. Wang. (Mot. (Dkt. # 17).) Mr. Wang, who is proceeding *pro se*, opposes Mr. Johnson's motion for default judgment and requests that the court set aside the default. (Resp. (Dkt. # 18).) The court has considered the motion, Mr. Wang's response, Mr. Johnson's reply in support of his motion (Reply (Dkt. # 19)),

//

//

the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court SETS ASIDE the entry of default and DENIES Mr. Johnson's motion for the reasons set forth below.

## II.   BACKGROUND

On November 10, 2016, Mr. Johnson filed this lawsuit.  (Compl. (Dkt. # 1).)  Mr. Johnson alleges that Mr. Wang failed to pay him $7,380.00 in wages for 492 hours of work and failed to fulfill his promise to let Mr. Johnson master the F/V Thor—a fishing vessel—during the tuna fishing season.  (*Id.* ¶¶ 6, 8.)  Mr. Johnson seeks the arrest, condemnation, and sale of the F/V Thor; compensatory, double, and punitive damages for the alleged failure to pay wages; attorney's fees and costs; and prejudgment interest.  (*See id.* ¶¶ 7-8.)

On January 24, 2017, Mr. Johnson moved for entry of default against Mr. Wang (MFD (Dkt. # 9) at 1) and filed a declaration attesting that Mr. Wang was served on December 31, 2016 (*see* Merriam Decl. (Dkt. # 10) ¶ 2, Ex. 1).  Later that same day, attorney Thomas Waller appeared on Mr. Wang's behalf.  (Not. (Dkt. # 11).)  On February 2, 2017, Mr. Waller moved to withdraw as Mr. Wang's attorney (MTW (Dkt. # 12) at 1), and one week later, Mr. Wang filed an answer *pro se* (Answer (Dkt. # 13)).  The court directed the Clerk to enter default because Mr. Wang failed to defend against the action by the time Mr. Johnson moved for entry of default.  (2/10/17 Order at 4-5

//

---

[1] Neither party requested oral argument, and the court determines that oral argument would not be helpful to its disposition of the motion.  Local Rules W.D. Wash. LCR 7(b)(4).

(citing Fed. R. Civ. P. 55(a)).) The Clerk entered default on February 24, 2017. (Default Order (Dkt. # 16).)

### III.   ANALYSIS

Mr. Johnson now moves for default judgment to recover the wages he contends Mr. Wang failed to pay him and for his attorney's fees and costs. (*See* Mot. at 1-2.) In response, Mr. Wang moves to set aside the default and opposes Mr. Johnson's motion for default judgment.[2] (*See* Resp. at 1-3.) The court first addresses Mr. Wang's request to set aside the default, followed by Mr. Johnson's motion for default judgment.

**A.     Motion to Set Aside Entry of the Default**

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts in the Ninth Circuit evaluate whether a party has shown good cause to set aside an entry of default by analyzing three factors: (1) "whether the plaintiff will be prejudiced," (2) "whether the defendant has a meritorious defense," and (3) "whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (internal quotation marks omitted). The party seeking to set aside the default bears the burden of demonstrating that the three factors favor setting aside default. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by*

---

[2] The court must construe Mr. Wang's filings liberally because he is proceeding *pro se* in this matter. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Accordingly, the court construes Mr. Wang's discussion of the standard to set aside the default as a motion to set aside the default. (*See* Resp. at 2-3.) Mr. Johnson's reply in support of his motion for default judgment does not address Mr. Wang's arguments to set aside the default. (*See generally* Reply.)

*Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).  However, the Ninth Circuit's "rules for determining when a default should be set aside are solicitous towards movants," particularly those movants who are proceeding *pro se*.  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010); *see also id.* at 1093 (noting special solicitude for *pro se* plaintiffs who seek to set aside a default).  For this reason, a district court should "resolve[] all doubt in favor of setting aside the entry of default and deciding the case on its merits."  *O'Connor*, 27 F.3d at 364.

 1. Prejudice

Setting aside the entry of default prejudices a plaintiff when it hinders a plaintiff's ability to pursue his or her claim.  *See TCI Grp. Life Ins.*, 244 F.3d at 701.  The harm must be greater than "simply delaying resolution of the case," *id.*, imposing "the ordinary cost of litigating," *id.*, or requiring the plaintiff "to establish the merits of [his] claim," *Aristocrat Techs., Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009).  Indeed, setting aside the default must cause a plaintiff "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  *TCI Grp. Life Ins.*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

The court concludes that setting aside the entry of default will not prejudice Mr. Johnson because any delay will not hinder Mr. Johnson's ability to pursue his claims or impose any costs beyond those inherent in litigating his case.  *Id.*  Further, the action is still in the early stages of litigation, and requiring Mr. Johnson to establish the merits of his claims does not constitute prejudice.  *See Aristocrat Techs.*, 642 F. Supp. 2d at 1233.

Finally, Mr. Johnson's filings do not indicate any prejudice for the purposes of setting aside the entry of default.  (*See* Mot.; Reply.)  Accordingly, this factor favors setting aside the default.

2. Meritorious Defense

A defendant seeking to set aside a default "must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094 (citing *Knoebber*, 244 F.3d at 700).  This burden "is not extraordinarily heavy" and requires only that the defendant allege sufficient facts that, if true, would constitute a defense.  *Id.*  The court does not decide, however, whether the factual allegations are true when it decides the motion to set aside the default.  *Id.*  Rather, that question is "the subject of the later litigation." *Id.*

For purposes of setting aside entry of default, the court concludes on the record before it that Mr. Wang asserts a meritorious defense.  Specifically, Mr. Wang disputes whether he hired Mr. Johnson to perform work at the rate of $15.00 per hour and to captain the F/V Thor during the tuna season and whether he owes Mr. Johnson unpaid wages.[3]  (*Compare* Compl. ¶¶ 5-8 (alleging failure to pay wages), *with* Answer (Dkt.

---

[3] A valid contract is formed only if there has been an offer, acceptance, and consideration.  *See Storti v. Univ. of Wash.*, 330 P.3d 159, 163 (Wash. 2014).  "A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995).  In addition, a bona fide dispute between an employer and employee about wages due or the existence of an employment relationship affects a failure to pay wages claim.  *See Schilling v. Radio Holdings, Inc.*, 961 P.2d 371, 375 (Wash. 1998) (noting that a bona fide dispute between the employer and the employee regarding the payment of wages means that the employee is not entitled to double damages for the willful withholding of wages); *Zimmerman v. W8LESS Prods., LLC*, 248 P.3d 601, 610 (Wash. Ct. App. 2011) (stating that lack of an employment relationship is a defense to an action for failure to pay wages).

1  # 13) ¶¶ 5-8 (denying failure to pay wages), *and* Wang. Decl.[4] (Dkt. # 18) at 4 ("[T]here

2  was never any agreement reached or even discussions over work performed on the boat[;]

3  there were only discussions about hiring him to be a captain of a tuna boat."), *and* Resp.

4  at 2 (arguing that a reasonable dispute exists as to whether the parties formed a contract

5  for employment and/or wages).)  Particularly in light of the court's duty to liberally

6  construe Mr. Wang's *pro se* filings, the court finds that Mr. Wang's allegations, if true,

7  affect Mr. Johnson's ability to establish a *prima facie* case, which is sufficient for

8  purposes of setting aside an entry of default.  *See Aristocrat Techs.*, 642 F. Supp. 2d at

9  1233-34 (concluding that a defense that the party performed under the terms of the

10  agreements, if proven at trial, would bar plaintiffs' recovery); *Smith v. Smith*, No.

11  CV-13-02611-PHX-DGCO, 2014 WL 1651961, at *2 (D. Ariz. Apr. 23, 2014)

12  (concluding that the defendant's allegations that he did not breach a contract "satisfy the

13  meritorious defense requirement"); *cf. Ruiz v. Vargas*, No. C 08-01804 PSG, 2011 WL

14  1690386, at *2 (N.D. Cal. May 4, 2011) (finding that the defendant met the meritorious

15  defense factor where the defendant contended that the plaintiffs had been fully

16  compensated for their work).  Thus, this factor also favors setting aside the default.

17  //

18  //

19  //

---

[4] Mr. Wang filed his opposition to Mr. Johnson's motion for default judgment and his declaration in support of his opposition in the same filing. (*See generally* Resp.)  Accordingly, the court cites to Mr. Wang's declaration as "Wang Decl." to differentiate between its citations to the response and the declaration.

3. Culpable Conduct

The court will consider a party's conduct culpable if it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (internal quotation marks omitted).  In this context, "intentionally" means that the party "must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (internal quotation marks omitted).

Mr. Wang attests that as soon as he was served on December 31, 2016, he contacted an attorney with whom Mr. Wang had an unused retainer of about $2,000.00. (Wang Decl. at 3.)  Mr. Wang contends that after speaking with this attorney, Mr. Wang believed that the attorney would "prevent the default and charge me off the unused retainer." (*Id.*)  However, according to Mr. Wang, the attorney contacted him on January 23, 2017, to inquire about the status of the case. (*Id.*)  Mr. Wang responded that he thought the attorney had planned to file a response; after this conversation, the attorney contacted Mr. Johnson's attorney to inquire about an extension of time to respond to the complaint. (*Id.*)  Mr. Johnson's attorney did not agree to the extension of time, and the attorney declined to represent Mr. Wang further. (*Id.*)  Mr. Johnson then contacted another attorney, who appeared (*id.* at 4) but moved to withdraw shortly after filing his notice of appearance (*see generally* MTW).

The court finds this explanation "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Knoebber*, 244 F.3d at 698 (holding that a party is culpable for purposes of these factors "where there is no explanation of the default inconsistent

with a devious, deliberate, willful, or bad faith failure to respond"). Nothing suggests that Mr. Wang deliberately tried to manipulate the legal system or take advantage of Mr. Johnson in failing to timely respond to Mr. Johnson's complaint. *See id.* at 699; *see also Mesle*, 615 F.3d at 1093; *BMW Fin. Servs., N.A., LLC v. Friedman & Wexler, LLC*, No. C 09-04498 MHP, 2010 WL 668292, at *2 (N.D. Cal. Feb. 24, 2010) (stating that a delay in obtaining counsel is not necessarily culpable conduct). Moreover, Mr. Wang has answered the complaint and indicated an intent to defend against the action. (*See generally* Answer.) This factor therefore counsels in favor of setting aside the entry of default.

The court concludes that the Rule 55(c) factors favor Mr. Wang's position.[5] Setting aside the default will not prejudice Mr. Johnson beyond the delay inherent in fully litigating any lawsuit, the record indicates that Mr. Wang alleges a meritorious defense, and Mr. Wang's conduct was not culpable.

**B.    Motion for Default Judgment**

The court may grant a motion for default judgment after the Clerk has entered default. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing seven factors to consider in determining whether to enter default judgment). However, because

//

---

[5] Timeliness is also a consideration when deciding whether to set aside default. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (noting that "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits" (ellipsis in original)). The court concludes that Mr. Wang's request to set aside the default is timely because he makes the request shortly after the entry of default and in response to the motion for default judgment. (*See generally* Dkt.)

the court sets aside the entry of default, the court denies Mr. Johnson's motion for default judgment as moot.[6]

### IV.   CONCLUSION

For the foregoing reasons, the court SETS ASIDE the entry of default against Mr. Wang (Dkt. # 16) and DENIES Mr. Johnson's motion for default judgment (Dkt. # 17) as moot.

Dated this 4th day of April, 2017.

*(signature)*

JAMES L. ROBART
United States District Judge

---

[6] Even if the court declined to set aside the entry of default, default judgment may be inappropriate because several of the *Eitel* factors favor denying default judgment. *See Eitel v. McCool*, 782 F.2d at 1471-72 (stating that courts should consider, among other factors, the possibility of a dispute concerning material facts, whether the default was due to excusable neglect, and the strong policy favoring decisions on the merits when reasonably possible).