UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>DONALD P. WANG, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. C16-1738JLR<br><br>ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.　INTRODUCTION

Before the court is Plaintiff George Johnson's motion for partial summary judgment against *in personam* Defendant Donald P. Wang, who is proceeding *pro se*. (Mot. (Dkt. # 24).) Mr. Wang opposes the motion. (Resp. (Dkt. # 25).) The court has reviewed the motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1]

---

[1] Neither party requested oral argument, and the court finds that oral argument would not be helpful to the court's disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

the court DENIES Mr. Johnson's motion for partial summary judgment for the reasons set forth below.

## II. BACKGROUND

On November 10, 2016, Mr. Johnson filed this lawsuit against Mr. Wang and *in rem* Defendant the F/V Thor ("the Thor")—a fishing vessel. (Compl. (Dkt. # 1).) Mr. Johnson alleges that Mr. Wang failed to pay him $7,380.00 in wages for 492 hours of work converting the Thor into a tuna boat and failed to fulfill his promise to let Mr. Johnson master the Thor during the tuna fishing season. (*Id.* ¶¶ 4-6.) Mr. Johnson asserts no specific causes of action (*see generally id.*) but seeks the following relief: the arrest, condemnation, and sale of the Thor; compensatory, double, and punitive damages for Mr. Wang's alleged failure to pay wages; prejudgment interest; and attorney's fees and costs (*id.* ¶¶ 7-8).

On July 11, 2017, Mr. Johnson moved for partial summary judgment against Mr. Wang for the alleged unpaid wages.[2] (Mot. at 1.) In support of his motion, Mr. Johnson proffers his declarations and Mr. Wang's deposition testimony. (*See generally* MDJ (Dkt. # 17) at 1, Ex. 1 ("1st Johnson Decl."); Mot. at 2, Ex. A ("Wang Dep."); Errata (Dkt. # 28), Ex. 1 ("2d Johnson Decl.").)[3]

---

[2] In his reply brief, Mr. Johnson reduces his claim for wages from $15.00 per hour to $12.00 per hour for a total of $5,904.00. (Reply (Dkt. # 27) at 3.)

[3] Mr. Wang objects to Mr. Johnson's use of the deposition as evidence, claiming that he reserved signature on the deposition and has not been able to contact the court reporter to verify its accuracy. (Resp. at 1; Wang Decl. (Dkt. # 26) at 1.) In the alternative, if the court considers the deposition, he argues that it shows only that he consistently testified that he never contracted with Mr. Johnson or authorized any of the work Mr. Johnson claims he performed. (Resp. at 1;

According to Mr. Johnson, he entered into an oral contract with Mr. Wang to prepare the Thor for the 2016 tuna fishing season.[4] (Mot. at 1; 1st Johnson Decl. ¶ 6.) Mr. Johnson claims that Mr. Wang promised that he could skipper the boat for a 20% crewshare if Mr. Johnson agreed to work at a rate of $15.00 per hour restoring the Thor and converting her into a tuna jig boat. (1st Johnson Decl. ¶¶ 4-5.) Based on this understanding, Mr. Johnson contends that he performed 492 hours of shipyard work on the Thor during the summer of 2016. (*Id.* ¶ 5.) However, Mr. Johnson asserts that once he completed the work, Mr. Wang put the Thor up for sale and did not pay him. (*Id*. ¶ 8.)

In opposition to Mr. Johnson's motion, Mr. Wang presents a differing version of events. (*See generally* Wang Decl.) According to Mr. Wang, he never contracted with Mr. Johnson or authorized any of the work Mr. Johnson contends he did. (*Id.* at 1.) Mr. Wang testifies that the Thor was ready to go fishing when he bought her, and he did not know whether Mr. Johnson performed any work on her. (*See* Wang Dep. at 23:20,

---

Wang Decl. at 1.) Mr. Johnson argues the deposition is now sealed because Mr. Wang failed to review it on time, and it is too late for him to change his testimony. (Reply at 1.) Upon request by the deponent under Federal Rule of Civil Procedure 30(e), the deponent must be allowed 30 days to review the transcript after being notified by the court reporter that the deposition transcript is available. Fed. R. Civ. P. 30(e). If there are changes in form or substance, the deponent must then sign a statement listing the changes and the reasons for making them. *Id*. In this case, Mr. Wang reserved signature on the deposition. (Wang Dep. at 43:13.) However, the court reporter's letter to Mr. Johnson's counsel states that Mr. Wang's signature is deemed waived because he did not respond or schedule a time for transcript review within 30 days. (Reply at 1, Ex. A-1.) Accordingly, the court considers the deposition in ruling on Mr. Johnson's motion.

[4] Although Mr. Johnson does not explicitly state in his complaint that his alleged agreement with Mr. Wang was an oral contract (*see generally* Compl.), Mr. Johnson refers to it as such in his motion (Mot. at 1). Thus, the court treats the alleged agreement as an oral contract.

25:14.) He also testifies that Mr. Johnson had been on the Thor, but only to evaluate the vessel for going fishing. (*See id.* at 22:10-13.) Mr. Wang also contends that he had no reason to check whether any work was done because he never authorized any work on the Thor, but admits that Mr. Johnson could have performed work without his authorization. (Wang Decl. at 2.) Mr. Wang further contests Mr. Johnson's claim that Mr. Johnson worked on the Thor in June and early July 2016 because Mr. Wang did not purchase the Thor until later that July. (*See id.* at 2; *see also* Wang Dep. at 12:25-13:2; 1st Johnson Decl. ¶ 6, Ex. 7.)

The court now addresses the motion.

### III. ANALYSIS

At the outset, the court notes that the basis for Mr. Johnson's motion is unclear. Mr. Johnson states only that he seeks partial summary judgment on his claim for unpaid wages because "[s]eamen are entitled to quantum meruit compensation for work performed in anticipation of a fishing season before the contracts required by 46 U.S.C. § 10601 are executed." (*See* Mot. at 4.) He further states in his moving brief that a "more equitable quantum meruit rate can be determined at a later time" (*id.*), but then states in his reply that "this motion is limited to a demand for quantum meruit wages" (Reply at 2). Based on the nature of Mr. Johnson's briefing, the court assumes that Mr. Johnson seeks quantum meruit compensation pursuant to 46 U.S.C. § 11107 based on an alleged oral contract. The court therefore assesses whether the parties formed an oral contract and if so, whether quantum meruit recovery is appropriate. *See Dunn v. Hatch*, No. 1:15-cv-00479-BLW, 2017 WL 1839279, at *1 (D. Idaho May 8, 2017) ("[M]aritime

law penalizes ship owners for failing to enter into written contracts by awarding deck hands enhanced damages when they prove they had only an oral contract, and that it was breached." (citing 46 U.S.C. § 10601)).

To the extent that Mr. Johnson intended to argue some other basis for summary judgment, Mr. Johnson was responsible for making that clear to the court. The fact that Mr. Johnson cites only scant legal authority only amplifies the lack of clarity. (*See generally* Mot.) Indeed, he cites only three sources to support his motion—a case from the High Court of American Samoa and two maritime treatises—none of which are particularly helpful to the court's disposition. (*See id.* at 4.) In this regard, Mr. Johnson's brief falls below the minimum standards for practice in this court. The court expects a party to clearly state the basis for its motion and, when the party makes a statement in a brief about what the law is, to follow that statement by a citation to specific legal authority. With this context in mind, the court addresses Mr. Johnson's motion as set forth above.

**A. Legal Standard**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)[5]; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*,

---

[5] The Federal Rules of Civil Procedure apply to suits in admiralty. *See Craig v. United States*, 413 F.2d 854, 856 n.2 (9th Cir. 1969) ("While there are some kinds of civil proceedings in which the Federal Rules of Civil Procedure do not apply, the rules do apply in suits in admiralty . . . .").

477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine dispute of material fact and that he is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his burden, then the nonmoving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. In determining whether the factfinder could reasonably find for the nonmoving party, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Summary judgment is not appropriate "where a trial, with its opportunity for cross-examination and testing the credibility of witnesses, might disclose a picture substantially different from that given by the affidavits." *United States v. Perry*, 431 F.2d 1020, 1022 (9th Cir. 1970).

**B. Mr. Johnson's Claim**

Title 46 U.S.C. § 10601 provides that "[b]efore proceeding on a voyage, the owner . . . of a fishing vessel . . . shall make a fishing agreement in writing with each seaman employed on board" if the vessel meets certain qualifications. 46 U.S.C. § 10601(a)(1)-(2). The written agreement must "include the terms of any wage, share, or other compensation arrangement peculiar to the fishery in which the vessel will be engaged during the period of the agreement." *Id.* § 10601(b)(2). If the owner of the vessel fails to execute the required written agreement and instead enters into an oral contract, a seaman "may avail [himself] of the protection afforded seamen by 46 U.S.C.

§ 11107." *TWC Special Credits v. Chloe Z Fishing Co., Inc.*, 129 F.3d 1330, 1333 (9th Cir. 1997); *see also Dunn*, 2017 WL 1839279, at *1. If Section 11107 applies, the seaman "is entitled to recover the highest rate of wages at the port from which the seaman was engaged or the amount agreed to be given the seaman at the time of engagement, whichever is higher." 46 U.S.C. § 11107. This form of compensation appears to be what Mr. Johnson refers to as quantum meruit compensation. (*See* Mot. at 4.)

"When a contract is a maritime contract and the dispute is not inherently local, federal law controls basic contract interpretation." *Crowley Marine Serv., Inc. v. Vigor Marine LLC*, 17 F. Supp. 3d 1091, 1094 (W.D. Wash. 2014) (citing *N. Pac. S.S. Co. v. Hall Bros. Marine R. & Shipbuilding Co.*, 249 U.S. 119, 128 (1919)); *see also Royal Ins. Co. of Am. v. Pier 39 Ltd. P'ship*, 738 F.2d 1035, 1036 (9th Cir. 1984) (citing *Ins. Co. v. Dunham*, 78 U.S. 1, 26 (1871)) ("A contract falls within the court's admiralty jurisdiction "if [the contract's] subject matter is maritime."). "Basic principles in the common law of contracts readily apply in the maritime context," *Clevo Co. v. Hecny Transp., Inc.*, 715 F.3d 1189, 1194 (9th Cir. 2013), and "oral contracts are generally regarded as valid by maritime law," *Kossick v. United Fruit Co.*, 365 U.S. 731, 734 (1961).[6]

The Ninth Circuit applies the *Restatement (Second) of Contracts* to determine whether the requisite contract elements of "offer, acceptance, and consideration" are present. *Id.* "The formation of a contract requires a bargain in which there is a

---

[6] Because federal maritime law governs the validity of an oral contract falling under admiralty jurisdiction, the court does not utilize Washington law to assess the validity of the contract Mr. Johnson alleges. *See id.* at 742.

manifestation of mutual assent to the exchange and a consideration." *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1212 (9th Cir. 2016). The court first addresses whether Mr. Johnson has demonstrated the existence of an oral contract as a matter of law, followed by quantum meruit compensation for any such contract.

Mr. Johnson argues for summary judgment on the alleged oral contract for unpaid wages because Mr. Wang fails to contradict Mr. Johnson's allegations of the hours and work performed "at a wage of at least $15 per hour." (Mot. at 1 (emphasis omitted) (citing Fed. R. Civ. P. 56(a)).) Specifically, Mr. Johnson points to Mr. Wang's testimony that Mr. Wang did not know or recall whether he offered Mr. Johnson the captain's job, whether Mr. Johnson performed any work on the Thor, whether he authorized Mr. Johnson to work on the Thor, or whether he asked Mr. Johnson to get a crew for the Thor. (*See* Mot. at 2-3; Wang Dep. at 22:16, 25:14, 26:5, 7-8, 29:12.) In short, Mr. Johnson's arguments in support of summary judgment boil down to his view that Mr. Wang is "stone walling this wage claim" and "waffling" in his testimony. (*Id.* at 2-3.)

Mr. Wang opposes summary judgment due to "disputed factual issues on all major issues in this suit including whether a contract was ever formed or whether any work was authorized." (Resp. at 1; *see also* Wang Decl. at 1.) Further, Mr. Wang explains that he cannot recall whether he offered Mr. Johnson the captain's job on the Thor, and if he did, what conditions the offer would have been based on. (*See* Resp. at 2; Wang Decl. at 2; *see also* Wang Dep. at 22:16.) He states that if he had made such an offer, one condition would have been that Mr. Johnson assemble a viable crew, which was never done. (Resp. at 2; Wang Decl. at 2.)

For Mr. Johnson to meet his initial burden, he must show that there is no genuine dispute of material fact regarding the existence of an oral contract with Mr. Wang and that he is entitled to prevail on his claim as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 323. When viewed in the light most favorable to Mr. Wang, Mr. Wang's testimony that he did not enter into an oral contract with Mr. Johnson or authorize Mr. Johnson to perform work on the Thor demonstrates a genuine dispute of material fact when compared with Mr. Johnson's account. (*Compare* Mot. at 1 (citing 1st Johnson Decl. ¶¶ 4-6) ("In exchange for [Mr.] Wang's promise that [Mr.] Johnson could skipper the boat for the tuna season at a 20% crewshare, [Mr.] Johnson agreed to perform the re-fit, pre-season shipyard work at the bargain-basement rate of $15[.00]/hour."), *with* Wang Decl. at 1 ("I never contracted with [Mr. Johnson] nor did I authorize any work that [Mr. Johnson] claims he performed.").) Mr. Wang testified that he did not know or recall whether he offered Mr. Johnson the captain's job, whether Mr. Johnson performed any work on the Thor, or whether he asked Mr. Johnson to assemble a crew. (*See* Wang Dep. at 22:16, 25:14, 29:12.) Accordingly, there is a genuine dispute of material fact regarding whether the two men formed an oral contract and if such they formed a contract, what its terms are. (*See* 1st Johnson Decl. ¶ 5.) Summary judgment is therefore inappropriate on Mr. Johnson's claim of an oral contract for wages.[7]

---

[7] Mr. Johnson raises unjust enrichment for the first time in his reply brief, perhaps as an alternative to the existence of an oral contract. (*See* Reply at 2 ("[Mr.] Wang bought the boat for $25,000[.00]. He does not deny that he put the Thor up for sale for $80,000[.00]. That's called unjust enrichment.") (internal citation omitted).) Mr. Johnson's argument is not properly presented, however, because he raises a new theory of liability for the first time on reply. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) (declining to allow the

The court is mindful of the inconsistencies in Mr. Wang's testimony. (*See, e.g.*, Wang Dep. at 25:14, 26:7-8 (testifying that Mr. Johnson performed some work that Mr. Johnson said he would want on the Thor after testifying that Mr. Wang did not know if Mr. Johnson performed any work on the Thor); *id.* at 27:20, 28:23 (testifying that he "[p]ossibly" could have put the Thor up for sale after stating that he did not put the Thor up for sale).) However, those inconsistencies raise questions regarding Mr. Wang's credibility, something the court may not pass judgment on at this stage.[8] *See Reeves*, 530 U.S. at 150. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Although Mr. Johnson and Mr. Wang tell two

---

plaintiffs to proceed with a new theory of recovery raised at the summary judgment phase after two years of discovery because adding a new theory would prejudice the defendants); *Best W. Int'l, Inc. v. AV Inn Assocs. 1, LLC*, No. CV-08-2274-PHX-DGC, 2010 WL 2789895, at *3 (D. Ariz. July 14, 2010) ("Both district courts and the Ninth Circuit have regularly held that arguments made for the first time in a reply brief should not be considered."). Even if the argument were properly before the court, Mr. Johnson does not demonstrate a benefit or inequitable circumstances as a matter of law. *See Dragt v. Dragt/DeTray, LLC*, 161 P.3d 473, 482 (Wash. Ct. App. 2007) (To prove unjust enrichment, "(1) there must be a benefit conferred on one party by another; (2) the party receiving the benefit must have an appreciation or knowledge of the benefit; and (3) the receiving party must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value.").

[8] The court also notes that it "need not credit conclusory assertions that a fact is in dispute when they are not supported with citations to the record or argument suggesting the existence of a genuine dispute." *Rodriguez v. JLG Indus., Inc.*, No. CV 11-04586 MMM (SHx), 2012 WL 12883784, at *1 n.9 (C.D. Cal. Aug. 3, 2012). Rather than making conclusory assertions, however, Mr. Wang relies on evidence—his deposition testimony and declaration—to argue that he never contracted with Mr. Johnson or authorized his alleged work. (*See* Resp. at 1; Wang Decl. at 1.) Summary judgment is inappropriate because Mr. Johnson does not meet his initial burden of showing there is no genuine dispute of material fact.

different stories, and some of Mr. Wang's testimony is contradictory, the record does not "blatantly contradict[]" either of the party's stories, *see id.*, particularly here because the record consists primarily of the parties' declarations and Mr. Wang's deposition testimony. As a result, the parties' differing versions of events create a genuine dispute of material fact.

Mr. Johnson further argues that he is entitled to quantum meruit compensation based on the oral contract because seamen may recover "for work performed in anticipation of a fishing season before the [written] contracts required by 46 U.S.C. § 10601 are executed." (Mot. at 4. (citing *TCW Special Credits, Inc. v. F/V Kassandra Z*, 1999 A.M.C. 2967 (High Ct. Am. Samoa 1999)).) Mr. Johnson fails to establish as a matter of law that he is entitled to such compensation because he fails to demonstrate the existence of an oral contract as a matter of law. *See Dunn*, 2017 WL 1839279, at *1 ("[M]aritime law penalizes ship owners for failing to enter into written contracts by awarding deck hands enhanced damages when they prove they had only an oral contract, and that it was breached."). Because an oral contract is antecedent to recovery, *see* 46 U.S.C. § 10601; *id.* § 11107, the fact that Mr. Johnson cannot prove an oral contract at this time is fatal to his claim for quantum meruit compensation.

To the extent that Mr. Johnson moves for summary judgment on a common law theory of quantum meruit, his motion also fails. Federal courts may apply state law to theories of quantum meruit recovery in maritime contract actions.[9] *See, e.g.*, *Muller Boat*

---

[9] State law may supplement federal admiralty law "so long as state law does not actually conflict with federal law or interfere with the uniform working of the maritime legal system."

*Works, Inc. v. Unnamed 52' House Barge*, 464 F. Supp. 2d 127, 141 (E.D.N.Y. 2006) (applying New York law to examine whether plaintiff was entitled to compensation for services rendered on a vessel under a quantum meruit theory after assessing plaintiff's oral contract claim under maritime law); *Madeja v. Olympic Packer, LLC*, 155 F. Supp. 2d 1183, 1210 (D. Haw. 2001) (applying Hawaii law to examine whether plaintiffs were entitled to compensation for work on a vessel after a voyage under a quantum meruit theory after assessing plaintiffs' oral contract claim under maritime law). Washington defines "quantum meruit" as "the method of recovering the reasonable value of services provided under a contract implied in fact." *Young v. Young,* 191 P.3d 1258, 1262 (Wash. 2008). "[T]he elements of a contract implied in fact are: (1) the defendant requests work, (2) the plaintiff expects payment for the work, and (3) the defendant knows or should know the plaintiff expects payment for the work." *Id.* at 1263.

Mr. Wang consistently disputed that he requested Mr. Johnson's work on the Thor. (*See* Wang Dep. at 22:7, 26:7-8, 31:3; *see also* Wang Decl. at 1-2.) As addressed in assessing Mr. Johnson's oral contract claim, despite allowing that Mr. Johnson "did some work that [Mr. Johnson] said he would want on the Thor," Mr. Wang maintained that he did not ask Mr. Johnson to do that work. (*Id.* at 26:7-8 ("He did some work . . . which I didn't ask him to.").) Mr. Wang's testimony creates a genuine dispute of material fact regarding the first element of a common law quantum meruit claim. Because of this dispute, summary judgment is inappropriate.

---

*Pac. Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1422 (9th Cir. 1990) (emphasis omitted).

To summarize, Mr. Johnson fails to demonstrate the existence of an oral contract and his entitlement to quantum meruit compensation arising from such a contract, and the court accordingly denies summary judgment.

**C. Request for Redaction**

Mr. Wang requests that the court seal his social security number, which is included in exhibit A to Mr. Johnson's motion. (*See* Resp. at 4 (citing Wang Dep. at 5:23).) The court also notes that Mr. Wang's date of birth is listed in the exhibit. (Wang Dep. at 5:21.) Under Local Civil Rule 5.2(a), parties shall redact social security numbers in their entirety and birth dates to the year of birth from all documents filed with the court. *See* Local Rules W.D. Wash. LCR 5.2(a). Accordingly, the court directs the Clerk to seal exhibit A to Mr. Johnson's motion and Mr. Johnson to file a properly redacted version of exhibit A within five days of the date of this order.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Johnson's motion for partial summary judgment (Dkt. # 24). In addition, the court DIRECTS the Clerk to seal exhibit A to Mr. Johnson's motion (Dkt. # 24-1) and DIRECTS Mr. Johnson to file a properly redacted version of exhibit A within five (5) days of the date of this order.

Dated this 31st day of October, 2017.

JAMES L. ROBART
United States District Judge