UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| GEORGE JOHNSON, | CASE NO. C16-1738JLR |
|---|---|
| Plaintiff, | ORDER DENYING STIPULATED MOTION |
| v. | |
| DONALD P. WANG, | |
| Defendant. | |

Before the court is the parties' stipulated motion to extend the discovery cutoff to July 10, 2018, to allow *pro se* Defendant Donald P. Wang to take Plaintiff George Johnson's deposition. (*See* Stip. (Dkt. # 34).) Although the parties seek to extend the discovery cutoff, that deadline passed on April 16, 2018 (*see* Sched. Order (Dkt. # 23) at 1), and thus, the parties in effect seek to reopen discovery (*see* Stip.). The court DENIES the motion.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good

ORDER - 1

cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Id.* at 608. Moreover, the court's scheduling order states that the court does not recognize a "failure to complete discovery within the time allowed . . . as good cause." (*See* Sched. Order at 2.)

Not only do the parties fail to demonstrate good cause, they offer no explanation for their request. (*See* Stip.) Instead, they state only that they "agree" Mr. Wang "should be allowed to depose" Mr. Johnson. (*See id.* at 1.) That statement sheds no light on why Mr. Wang did not depose Mr. Johnson within the time allowed for discovery and therefore is wholly insufficient. *See Johnson*, 975 F.2d at 607-08. In addition, trial is set to begin on August 13, 2018—a little over a month from now. (*See* Sched. Order at 1.) Reopening discovery would unnecessarily interfere with the timely resolution of this case. For those reasons, the court DENIES the motion (Dkt. # 34).

Dated this 9th day of July, 2018.

JAMES L. ROBART
United States District Judge