UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON,<br><br>                      Plaintiff,<br><br>      v.<br><br>DONALD P. WANG, et al.,<br><br>                      Defendants. | CASE NO. C16-1738JLR<br><br>ORDER TO SHOW CAUSE |

On July 23, 2018, the court held a pretrial conference in this matter, and *in personam* Defendant Donald P. Wang, who is proceeding *pro se*, did not appear. (*See* 7/23/18 Min. Entry (Dkt. # 38).) Counsel for Plaintiff George Johnson represented that based on their conversations with Mr. Wang, Mr. Wang was aware of the conference and his need to attend. Moreover, the court's orders clearly notified Mr. Wang of the conference date and the potential consequences for failing to appear. (*See* Sched. Order (Dkt. # 23); 7/11/18 Order (Dkt. # 37) (citing Local Rules W.D. Wash. LCR 11(c)); Dkt. (6/27/18 entry)); Local Rules W.D. Wash. LCR 11(c) (stating that the court may consider

ORDER - 1

a failure to "appear at [the] pretrial conference . . . an abandonment or failure to prosecute or defend diligently, and judgment may be entered against that party"). Because of his failure to appear, the court ORDERS Mr. Wang to SHOW CAUSE why the court should not enter default against him and issue sanctions of $2,000.00.

Regarding the entry of default, Mr. Wang must respond no later than Wednesday, July 25, 2018, at 12:00 p.m. If he does not respond or sufficiently demonstrate good cause for his failure to appear, the court will enter default against him. *See Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir. 1989); *see also* Local Rules W.D. Wash. LCR 11(c).

Regarding sanctions, Mr. Wang must respond no later than Thursday, August 2, 2018, at 12:00 p.m. A federal court's inherent authority allows the court to "fashion an appropriate sanction for conduct [that] abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, --- U.S. ---, 137 S. Ct. 1178, 1186 (2017); *see also Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."). Because he failed to appear despite

//
//
//
//

repeated notifications, Mr. Wang must show cause why the court should not issue sanctions in the amount of $2,000.00.

Dated this 23rd day of July, 2018.

JAMES L. ROBART
United States District Judge