UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON,<br><br>     Plaintiff,<br><br> v.<br><br>DONALD P. WANG, et al.,<br><br>     Defendants. | CASE NO. C16-1738JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *in personam* Defendant Donald P. Wang's response to the court's order to show cause. (2d Resp. (Dkt. # 48).) Mr. Wang is proceeding *pro se*. (*See* Dkt.) The court has considered Mr. Wang's response and declaration, the relevant portions of the record, and the applicable law. Being fully advised, the court enters a monetary sanction of $250.00 for Mr. Wang's failure to follow the court's orders.

//

//

ORDER - 1

## II. BACKGROUND

On July 23, 2018, the court held a pretrial conference in this matter, and Mr. Wang did not appear. (*See* 7/23/18 Min. Entry (Dkt. # 38).) Counsel for Plaintiff George Johnson represented that based on their conversations with Mr. Wang, Mr. Wang was aware of the conference and his need to attend. (*See* Pl. Resp. (Dkt. # 46) at 1-2.) Moreover, the court had notified Mr. Wang of the conference date and the potential consequences for failing to appear. (*See* Sched. Order (Dkt. # 23); 7/11/18 Order (Dkt. # 37); Dkt. (6/27/18 entry)); Local Rules W.D. Wash. LCR 11(c) (stating that the court may consider a failure to "appear at [the] pretrial conference . . . an abandonment or failure to prosecute or defend diligently, and judgment may be entered against that party"). In addition, instead of filing an agreed proposed pretrial order per the court's scheduling order, Mr. Wang filed his own proposal a day late. (*See* Sched. Order at 2 (setting July 23, 2018, as the date for the parties' agreed pretrial order); Def. Pretrial Order (Dkt. # 41) (filed on July 24, 2018).) Because of his failure to appear, the court ordered Mr. Wang to show cause why the court should not enter default against him and issue sanctions of $2,000.00.[1] (*See* OSC (Dkt. # 39) at 2-3.)

In a previous filing, Mr. Wang stated that his failure to attend was nothing "more than a simple misreading of [court] orders that were changing fairly rapidly." (1st Resp. (Dkt. # 42) at 3.) In the declaration accompanying that filing, he stated that he believed "the court was going to hold the pre-hearing conference after [the parties] submitted the

---

[1] In a separate order, the court declined to enter default against Mr. Wang because he demonstrated an intent to continue defending this action. (*See* 7/25/18 Order (Dkt. # 43).)

1  pretrial order," and that "[a]t the time of the hearing[, he] was putting the final touches

2  [on his] version of the pretrial order." (Wang Decl. (Dkt. # 42-1) ¶ 1.) He further states

3  that he does "not know why [he] did not read th[e] email" from June 27, 2018, which

4  informed him that the court had reset the pretrial conference. (*Id.*; *see also* Dkt. (6/27/18

5  entry).)

6  As for his tardy pretrial order, Mr. Wang explained that "[w]hen the court moved

7  up the deadline for the prehearing, it did not notify the parties that the deadline for the

8  pretrial order would have to be moved up as well." (1st Resp. at 4.) However, the

9  court's scheduling order—issued on May 15, 2017—stated that the agreed pretrial order

10 was due on July 23, 2018—a date that has never changed. (*See* Sched. Order at 2; Dkt.)

11 And Mr. Wang did not explain why he filed a separate pretrial order rather than a jointly

12 filed order as required. (*See generally* 1st Resp.; Wang Decl.; Sched. Order at 2.)

13 In his latest response, Mr. Wang reiterates that he did not miss the pretrial

14 conference in "a deliberate attempt . . . to show disrespect to either the court or opposing

15 counsel." (2d Resp. at 1.) He once again characterizes his failure to appear as

16 "result[ing] from an oversight in interpreting an email that [he] thought was one

17 previously sent." (*Id.*) He now adds that he was assaulted by a stranger on July 16, 2018,

18 and was handling the fallout from that incident—including filing a police report and

19 dealing with a loose front tooth—at the time of the conference. (*Id.* at 1-3.)

20                        **III.    ANALYSIS**

21 A federal court's inherent authority allows it to "fashion an appropriate sanction

22 for conduct [that] abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*,

--- U.S. ---, 137 S. Ct. 1178, 1186 (2017); *see also Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."). This inherent authority includes the ability "to impose sanctions for bad faith, which includes a broad range of willful improper conduct," *Fink*, 239 F.3d at 992, such as the disobedience of a court order, *see, e.g.*, *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (citing *Fink*, 239 F.3d at 991). The court does not simply disregard a party's *pro se* status when considering sanctions, *see Curt-Allen: Of the Family Byron v. Lovick*, No. C10-0609JLR, 2010 WL 3122822, at *2 (W.D. Wash. Aug. 9, 2010) (quoting *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994)), because a *pro se* party "should not be allowed to willfully and in bad faith interfere with the court's ability to manage its docket and resolve litigation expeditiously," *Garity v. Donahue*, No. 2:11-cv-01805-MMD-CWH, 2014 WL 1168913, at *6 (D. Nev. Mar. 21, 2014).

The court appreciates that misunderstandings can happen, but Mr. Wang's conduct displays a pattern of willful disregard for the court's orders. Despite Mr. Wang's characterizations, several court orders directed the parties to appear for the July 23, 2018, pretrial conference and to file an agreed proposed pretrial order that same day. (*See* Sched. Order; 7/11/18 Order; Dkt. (6/27/18 entry).) Mr. Wang did neither of those things. His failure to comply has hindered Mr. Johnson's ability to prepare for trial and

wasted valuable court time.  Although Mr. Wang is proceeding *pro se*, he is nevertheless responsible for following court orders—a responsibility he has not fulfilled.  *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987).  For those reasons, the court orders Mr. Wang to pay a sanction of $250.00 within 10 days of the date of this order.  Should Mr. Wang fail to do so, the court will consider additional sanctions, including entry of default.

## IV. CONCLUSION

For the foregoing reasons, the court ORDERS Mr. Wang to pay a sanction of $250.00 no later than ten (10) days after the date of this order.

Dated this 2nd day of August, 2018.

JAMES L. ROBART
United States District Judge