THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DONALD P. WANG IN PERSONAM; THE F/V THOR, OFFICIAL NUMBER 224713, HER ENGINES, MACHINERY, APPURTENANCES AND CARGO, IN REM,<br><br>　　　　Defendants. | Case No. 2:16-cv-01738-JLR<br><br><br>**PLAINTIFF'S BRIEFING ON DAMAGES** |

## I.　INTRODUCTION

Plaintiff George Johnson, through his counsel of record, is providing the Court with this guidance briefing regarding the legal basis to justify awarding Plaintiff Johnson compensatory damages at a rate of $45.00 per hour, state wage penalties, punitive damages, attorneys fees and pre-judgment interest.

## II.　DAMAGES

**A. Compensatory Damages**

Plaintiff is entitled to a damages award at fair market value, rather than the contractual rate. By breaching Parties' contractual terms of payment and fishing the 2016 tuna season, Defendant Wang dissolved the contractual boundaries which previously governed the Parties'

PLAINTIFF'S BRIEFING ON DAMAGES
CASE NO. 2:16-cv-01738-JLR

THE LAW OFFICE OF NEIL T. LINDQUIST
1204 N 10th Pl. Suite #2345
Renton, Washington 98057
T (425) 372-7799

relationship.  Undisputed testimony at trial evinced a fair rate of wages for Plaintiff's labor to be $45.00 per hour.

### a. Washington State Statutory Wage Penalties

The Court should apply state wage penalties to Plaintiffs damages award because there is no bona fide dispute about whether Mr. Johnson is owed some amount of wages and federal law is devoid of statutory wage penalties applicable to Plaintiff's dispute.  Under Washington State law,

> any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who . . . willfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract . . . shall be guilty of a misdemeanor.

RCW 49.52.050.

> Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employee or his assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

RCW 49.52.070.  As no federal law exists for wage claims such as this, preemption is not an issue.[1]  The general rule on preemption in admiralty is that "states may supplement federal

---

[1] Federal law preempts state law if (1) Congress expressly so states, (2) Congress enacts comprehensive laws that leave no room for additional state regulation, or (3) state law actually conflicts with federal law. See *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1415 (9th Cir. 1990), *cert. denied*, 504 U.S. 979, 119 L. Ed. 2d 578, 112 S. Ct. 2956 (1992)

PLAINTIFF'S BRIEFING ON DAMAGES
CASE NO. 2:16-cv-01738-JLR

THE LAW OFFICE OF NEIL T. LINDQUIST
1204 N 10th Pl. Suite #2345
Renton, Washington  98057
T (425) 372-7799

admiralty law as applied to matters of local concern, so long as state law does not actually conflict with federal law or interfere with the uniform working of the maritime legal system." *Fuller v. Golden Age Fisheries*, 14 F.3d 1405, 1409 (9th Cir. 1994), quoting *Pacific Merchant Shipping Association v. Aubry*, 918 F.2d 1409, 1422 (9th Cir. 1990).[2]

Washington State and the federal government share an interest in seeing that vessel owners pay seamen properly. As evidenced by Washington's wage penalty provision, the State has identified nonpayment of wages as a strong public policy which warrants an award of double damages and attorney's fees as penalties. *Greene v. Pac. King Fisheries*, No. C92-1985Z, 1993 U.S. Dist. LEXIS 21393, at *10 (W.D. Wash. June 14, 1993). George Johnson, a resident of Washington State and career fisherman, has called upon the Court to resolve a dispute in which the state and federal interests are concurrent. As stated in Greene "[t]here is a strong federal interest in ensuring that vessel owners pay seamen properly, and courts are bound to protect seamen's interests in this regard. Greene at 11. Plaintiff's case falls squarely in the applicable body of case law for application of state wage penalties in that it is undisputed that Johnson is a Washington state resident who is owed seaman's wages which were intentionally withheld from him and the nature of this dispute is simply not addressed by federal maritime law. It should be noted that a quantum meruit award of damages which is higher than the contractual rate of wages is not a penalty, it is merely an application of an available remedy for individuals harmed by another's wrongful breach. *Gruver v. Lesman Fisheries Inc.*, 409 F. Supp. 2d 1263, 1265 (W.D.

---

[2] Application of state law remedies in maritime disputes is strongly supported by *Ellenwood v. Exxon Shipping Co.*, 984 F.2d 1270 (1st Cir. 1993) (holding "a state law claim should not be dismissed simply because it would result in differing remedies for plaintiffs in different parts of the country; such a claim is foreclosed only if the state law in question frustrates a fundamental tenet of admiralty law.").

PLAINTIFF'S BRIEFING ON DAMAGES
CASE NO. 2:16-cv-01738-JLR

THE LAW OFFICE OF NEIL T. LINDQUIST
1204 N 10th Pl. Suite #2345
Renton, Washington  98057
T (425) 372-7799

Wash. 2005) (supporting "[t]he state law . . . merely provides an additional remedy for wages that have been wrongfully withheld).

### b. Attorneys Fees

The Court should apply the full force of RCW 49.52.050 and include an award of attorney's fees to Plaintiff Johnson. Attorney's fees are available in this dispute due to the state wage law statutory provision and Defendant Wang's bad-faith. Absent a statutory provision, contractual provision, or bad faith in the litigation process, attorney's fees are generally non-recoverable in maritime law. *Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co., Inc.*, 207 F.3d 1247, 1250 (11th Cir. 2000). While the statutory argument delineated above in itself justifies an award of attorney's fees, Defendant Wang's bad-faith throughout the duration of this litigation must also be taken into consideration. From the entirety of this case, Defendant Wang has been defiant, deceptive and he has taken advantage of the Court's leniency for pro-se litigants. This litigation has been protracted due to Defendant Wang's aversion to the truth. As shown at trial, Wang has no reservations when it comes to changing the facts to whatever suits him best and he does so with no regard to what he has already asserted. Had Defendant Wang not evaded service of process and asserted a modicum of truth in his filings and his deposition, the dispute would have been settled at summary judgment.

### B. Punitive Damages

In the alternative to state law wage penalties, an award of punitive damages is appropriate due to the nearly criminal nature of Wang's ongoing conduct. The availability of punitive damages for wage claims brought by commercial fishermen is currently before the Ninth Circuit in Dunn v. Hatch, no. 18-cv-35485. This Court should find that because Wang's criminal conduct extended well beyond the boundaries of the courtroom, where his deceit was finally

PLAINTIFF'S BRIEFING ON DAMAGES
CASE NO. 2:16-cv-01738-JLR

THE LAW OFFICE OF NEIL T. LINDQUIST
1204 N 10th Pl. Suite #2345
Renton, Washington  98057
T (425) 372-7799

revealed, combined with his reckless disregard for the rights of others, punitive damages should be available.  Defendant Wang is a man of vast resources.  See Exhibit 1 – Defendant Wang's Answers to Plaintiff's Interrogatories.  Wang frequently employs these resources to prolong claims brought against him and defeat opposing litigants by attrition and then employ the legal veil of his trust to shield himself from judgments.  Wang's reckless conduct and willingness to place others in danger is a textbook example of "willfull, wanton, and grossly negligent, or unconscionable conduct as to show a callous disregard for the rights of others" which justifies punitive damages.  <u>In re Marine Sulphur Queen</u>, 460 F.2d 89, 1972 AMC 1122 (2d Cir. 1972).

### III.    Summary

The legal basis cited above should be applied to Plaintiff's award for damages and the Court should award George Johnson, a quantum meruit award of $22,140.00, made up of $45.00 per hour for four hundred and ninety- two (492) hours with a state wage penalty of double wages totaling $44,280.00.  Should the Court award punitive damages, it is Plaintiff's reasonable position that an appropriate measure of punitive damages is the difference in sale price from purchase price on the THOR, $55,000.00.  In the event the Court awards attorney's fees, counsel will submit a detailed summary of expended time in this matter.  The Court should also apply pre-judgment to any/all awards of damages.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED this 20th day of August, 2018 | The Law Office of Neil T. Lindquist |
|  | By: */s/ Neil T. Lindquist*<br>Neil Lindquist, WSBA #52111<br>1204 N 10th Pl.  Suite 2345,<br>Renton, WA 98057<br>Email: Neil@LindquistLegal.com<br>Tel: 425-372-7799<br>Attorneys for Plaintiff |

PLAINTIFF'S BRIEFING ON DAMAGES
CASE NO. 2:16-cv-01738-JLR

THE LAW OFFICE OF NEIL T. LINDQUIST
1204 N 10th Pl. Suite #2345
Renton, Washington  98057
T (425) 372-7799

1

2                                                                 The Law Office of John Merriam

3                                                                 By: */s/ John W. Merriam*
                                                                John W. Merriam, WSBA # 12749

4                                                                 4005 20th Avenue West, Suite 110
                                                                Seattle, WA 98199

5                                                                  Telephone: (206) 729-5252
                                                                Fax: (206) 729-1012

6                                           Email: john@merriam-maritimelaw.com
                                                                Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**PLAINTIFF'S BRIEFING ON DAMAGES**                                                                                  THE LAW OFFICE OF NEIL T.
**CASE NO. 2:16-cv-01738-JLR**                                                                                                                         LINDQUIST
                                                                                                                                           1204 N 10th Pl. Suite #2345
                                                                                                                                           Renton, Washington  98057
                                                                                                                                              T (425) 372-7799

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON,<br><br>　　　Plaintiff<br><br>　　vs.<br><br>DONALD P. WANG,<br><br>　　　Defendant | No. 2:16-cv-01738<br><br>ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION |

Interrogatory #1:

I do not know who has worked on the boat since I purchased, other than the plaintiff who claims he worked on it. I was not able to verify it.

Interrogatory #2:

Objection, not relevant or calculated to lead to relevant information. Notwithstanding the objection the defendant states the gross revenue of the defendant was $65,000 for 2016.. The gross revenue for the Frances D. Wang Trust for 2016 was $0.

Interrogatory #3.

Objection, not relevant or calculated to lead to relevant information. Notwithstanding this objection, the defendant states his net worth is approximately $1 million and the net worth of the Frances D. Wang Trust is approximately $425,000.

Request for Production #1: See previous objection filed earlier with plaintiff.

ANSWERS TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION - PAGE 1



DONALD WANG
392 LOMA DR. #201
LOS ANGELES, CALIFORNIA, 90017
213-465-5553

Request for Production #2: See attachments.

Undersigned declares as follows:

That he is the pro se defendant in the above action, that he has read the above Answers to Plaintiff's First set of Interrogatories and Request for Production, knows the contents thereof and believes the same to be true.

I declare under the penalty of perjury of the United States of America that the foregoing is true and correct

Dated this 10th day of September, 2017,

*/s/ Donald P. Wang*
Donald P. Wang

ANSWERS TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION - PAGE 2

DONALD WANG
392 LOMA DR. #201
LOS ANGELES, CALIFORNIA, 90017
213-465-5553