The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON,<br><br>Plaintiff<br><br>vs.<br><br>DONALD P. WANG,<br><br>Defendant | No. 2:16-cv-01738 JLR<br><br>DEFENDANT WANG'S OPPOSITION THE PROPOSED AWARD OF ATTORNEY FEES |

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special

DEFENDANT'S OPPOSITION TO
FEES - PAGE 1

DONALD WANG
392 LOMA DR. #201
LOS ANGELES, CALIFORNIA, 90017
213-465-5553

skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

As to the reasonableness of the hours requested, the plaintiff notes "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949.

The plaintiff contends that the number of hours billed is excessive. The plaintiff contends that the counsels' time entries show duplication of work, the use of too many attorneys. The burden of proof is on the defendant's counsel to establish their hourly rate and their affidavit makes no reference at all to the prevailing wages in the Western District of Washington. Opposing counsel has not made any effort to justify using two attorneys at trial, for a rather routine wage claim, involving an opponent that is pro se. Their declarations show numerous examples of both attorneys claiming time for reading routine documents, and for Merriam charging time for reviewing work of Lindquist without noting any changes that were made as a result of this review. While it may be possible in the Ninth Circuit to use declarations without attaching or using contemporaneous time records, the declarations must be "sufficiently detailed to enable the court to consider all the factors necessary in setting the fees." *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir. 1980) (per curiam), cert. denied, 450 U.S. 1012, 68 L. Ed. 2d 213, 101 S. Ct. 1723 (1981); Here, the plaintiff contends that the declarations of the two counsel are too vague to justify the hours expended or the duplication of work by the two counsels.

**DEFENDANT'S OPPOSITION TO**
**FEES - PAGE 2**

DONALD WANG
392 LOMA DR. #201
LOS ANGELES, CALIFORNIA, 90017
213-465-5553

Dated this 8th day of October, 2018,

*Donald Wang* (signature)
Donald Wang

### Declaration of Donald Wang

Undersigned declares as follows:

In reviewing the hours submitted by John W. Merriam, I believe the following entries are duplicative or excessive given the fact that during the time period in question, Mr. Lindquist had taken over the case:

| Date | Description | Hours |
|---|---|---|
| 7-10-2018 | Review Order on discovery motion | .1 |
| 7-10-2018 | Review Order denying settlement conference | .1 |
| 7-11-2018 | Review Order denying pretrial | .1 |
| 7-23-2018 | Review Order regarding pretrial conference | .1 |
| 7-23-2018 | Review Order to Show Cause | .1 |
| 7-24-2018 | Review defendant's Pretrial Order | .2 |
| 7-24-2018 | Review Wang's Response to Show Cause | .2 |
| 7-25-2018 | Review Order on Show Cause | .1 |
| 7-30-2018 | Draft and submit Stipulated Pretrial Order | .5 |
| 8-1-2018 | Review defendant's opposition to sanctions | .2 |
| 8-2-2018 | Draft Notice of possible witness intimidation | .2 |
| 8-2-2018 | Review Order on Sanctions | .2 |
| 8-6-2018 | Review defendant's trial brief | .2 |

| Date | Task | Hours |
|---|---|---|
| 8-6-2018 | Review Lindquist's brief without making edits | 1.0 |
| 8-6-2018 | Review plaintiff's proposed findings of fact | .2 |
| 8-6-2018 | Review defendant's proposed findings of fact | .1 |
| 8-12 to 8-14-2018 | Trial preparation | 22 hours |
| 8-20-2018 | Review brief on damages without edits | .3 |
| 9-12-2018 | Review Findings of Fact | 1.0 |

The foregoing is based upon my limited experience as a pro se plaintiff, and in should in no way be considered complete, if the court uses its expertise to find more duplication.

I declare under the penalty of perjury of the State of Washington that the foregoing is true and correct

Dated this 9th day of October, 2018 at Seattle, WA,

*Donald P. Wang*
Donald Wang

**DEFENDANT'S OPPOSITION TO FEES - PAGE 4**

DONALD WANG
392 LOMA DR. #201
LOS ANGELES, CALIFORNIA, 90017
213-465-5553