UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE JOHNSON,<br><br>                Plaintiff,<br><br>    v.<br><br>DONALD P. WANG, et al.,<br><br>                Defendants. | CASE NO. C16-1738JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART AN AWARD OF ATTORNEYS' FEES |

## I. INTRODUCTION

Before the court is Plaintiff George Johnson's motion for an award of attorneys' fees. (Mot. (Dkt. # 64).) Defendant Donald P. Wang opposes the motion. (Resp. (Dkt. # 66).) The court has reviewed the motion, all submissions in support of and in opposition to the motion, other relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part the motion.

//

//

ORDER - 1

## II. BACKGROUND

On September 12, 2018, the court entered findings of fact and conclusions of law, concluding that Mr. Johnson was entitled to recover from Mr. Wang, *in personam*, and from the F/V Thor, *in rem*, jointly and severally:

1. $22,140.00 in wages pursuant to 46 U.S.C. §§ 10601 and 11107, and a doubling of this amount under RCW 49.52.070, for a total of $44,280.00 in wages and penalties;

2. prejudgment interest on Mr. Johnson's $22,140.00 of unpaid wages in the amount of $5,387.20; and

3. reasonable attorney's fees in an amount to be determined by the court after Mr. Johnson filed a motion documenting his counsel's fees, along with appropriate evidentiary materials. (*See* 9/12/18 Order (Dkt. # 63) at 23.)

On September 24, 2018, Mr. Johnson timely filed his motion for attorneys' fees. (*See* Mot.) Along with his motion, Mr. Johnson filed the supporting declarations of his attorneys: John W. Merriam and Neil Lindquist. (Merriam Decl. (Dkt. # 64-1); Lindquist Decl. (Dkt. # 64-2).)

In his declaration, Mr. Merriam attests that his standard rate is $450.00 per hour, and that the federal district court in the District of Idaho recently approved this rate for him in another case. (Merriam Decl. ¶ 3.) Mr. Lindquist declares that his standard rate is $250.00 per hour. (Lindquist Decl. ¶ 3.) Both attorneys state that they are not in the normal practice of maintaining contemporaneous time records because their income is

//

generally garnered through contingent attorney fees. (Merriam Decl. ¶ 4; Lindquist ¶ 4.) Thus, both attorneys have reconstructed the time they spent on Mr. Johnson's case. (*Id.*)

Mr. Merriam declares that the time he reconstructed for Mr. Johnson's case "is significantly *understated*." (Merriam Decl. ¶ 4 (italics in original).) He attests that the chart attached to his declaration detailing his time "lists only those items for which there exists a written record," that he "made a low estimate of the time [he] expended" on each listed item, that he omitted numerous hours, and that the attached chart "represents less than half the time" he actually spent on Mr. Johnson's case. (*Id.*) In total, he attests to spending 54.80 hours preparing Mr. Johnson's case. (*Id.* ¶ 4, App.)

Mr. Lindquist also declares that his reconstructed time represents a "conservative estimate[] of [the] actual time [he] expended" on the case. (Lindquist Decl. ¶ 4.) He attests that, except for trial preparation, he billed only 60 minutes for each 90 minutes of actual work. (*See id.*) He also declares that he omitted numerous tasks from the attached chart detailing his time on the case. (*Id.*) In total, he attests to having spent 119.8 hours preparing Mr. Johnson's case. (*Id.* ¶ 4, App.)

Mr. Wang opposes Mr. Johnson's request for fees. (*See generally* Resp.) He argues that Mr. Johnson has not met his burden of establishing that his attorneys' hourly rates are reasonable because Mr. Johnson has presented no evidence of prevailing hourly rates in the Western District of Washington. (*Id.* at 2.) Mr. Wang also argues that the number of hours billed is excessive. (*Id.*) Mr. Wang asserts that there is overlap and duplication between Mr. Merriam's and Mr. Lindquist's billed hours. (*Id.*) He also argues that Mr. Johnson has made no effort to justify his use of two attorneys at trial "for

a rather routine wage claim" involving a *pro se* opponent. (*Id.*) Finally, Mr. Wang objects that Mr. Merriam's and Mr. Lindquist's declarations are "too vague" to support time records that are reconstructed and not contemporaneous. (*Id.*)

### III. ANALYSIS

The court has already determined that Mr. Johnson is entitled to recover his reasonable attorney fees. (*See* 9/12/18 Order at 23.) The court's task now is to determine what fee is reasonable.

**A. Standards for Determining a Reasonable Attorney's Fee**

The initial step in determining a reasonable fee is to calculate the lodestar figure by taking the number of hours reasonably expended on the litigation and multiplying that number by an appropriate hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). In calculating the lodestar figure, the court should exclude overstaffed, redundant, or unnecessary time. *Hensley*, 461 U.S. at 434.

After determining the lodestar figure, the court should then determine whether to adjust the lodestar figure up or down, based on factors not subsumed in the lodestar figure. These factors were identified by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975).[1] The applicability of the sixth (whether the fee

---

[1] *Kerr* instructs the court to consider: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and

is fixed or contingent) and tenth (the "undesirability" of the case) *Kerr* factors is doubtful after *City of Burlington v. Dague*, 505 U.S. 557 (1992). *See also Davis v. City & Cty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (stating that the court should not consider the fixed or contingent nature of the fee). Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984). In any event, the court need only consider the *Kerr* factors that are relevant in any given circumstance. *See McGrath v. Cty. of Nev.*, 67 F.3d 248, 253 (9th Cir. 1995).

In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged by the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id*. (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

---

length of the professional relationship with the client, and (12) awards in similar cases. 526 F.2d at 69-70.

B.     Mr. Johnson's Motion

      1.   Reasonable Rates

Mr. Merriam asks the court to apply an hourly rate of $450.00 for his work on Mr. Johnson's case. (Merriam Decl. ¶ 3.) The court concludes that this rate is reasonable based on its knowledge of Mr. Merriam's 36 years of experience practicing maritime law. (*See id.* ¶ 2.) In addition, the District Court of Idaho recently found this rate to be a reasonable one for Mr. Merriam. *Dunn v. Hatch*, No. 1:15-CV-479-BLW, 2018 WL 2337289, at *1 (D. Idaho May 23, 2018) ("[C]ounsel practices in a specialized field in Seattle[,] Washington, has done so for the past 36 years, and is a past chairman of the Maritime Section of the Washington State Trial Lawyers Association. The Court finds his hourly rate [of $450.00] reasonable."). This court agrees.

Mr. Lindquist seeks an hourly rate of $250.00, which is considerably less than Mr. Merriam's rate. (Lindquist Decl. ¶ 3.) This is appropriate because Mr. Lindquist is much less experienced than Mr. Merriam. (*See id.* ¶ 2.) Indeed, Mr. Lindquist has only been practicing maritime law for one year. (*Id.*) The court finds this lower rate to be in line with those prevailing in the Western District of Washington for services by lawyers "of reasonable comparable skill, experience, and reputation." *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Other courts have found similar rates for associate attorneys to be reasonable in this District. *See, e.g.*, *Ferguson v. Wald*, No. C17-1685 RSM, 2018 WL 1709504, at *2 (W.D. Wash. Apr. 9, 2018) (concluding that $260.00 per hour is a reasonable rate for an associate attorney in this District); *Howery v. Boeing Co.*, No. C14-1555RSM, 2016 WL 898542, at *7 (W.D. Wash. Mar. 9, 2016) (concluding that

$284.75 per hour is a reasonable rate for an associate attorney in this District). In addition, the court relies on its own knowledge and experience in determining that this rate is reasonable. *See Salyer v. Hotels. Com GP, LLC*, No. C13-1966RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)). Accordingly, the court concludes that a rate of $250.00 per hour is reasonable for Mr. Lindquist's level of experience.

2. <u>Reasonable Hours</u>

Next, the court turns to the number of hours requested by Mr. Merriam and Mr. Lindquist. Mr. Wang objects to the number of hours Mr. Merriam and Mr. Lindquist claim. (Resp. at 2.) Mr. Wang asserts that their time entries show duplication of work. (*Id.*) He also contends that Mr. Johnson's use of two attorneys at trial for a "routine wage claim" against a *pro se* opponent is excessive. (*Id.*) Mr. Wang asks the court to reduce the number of hours claimed by Mr. Merriam by 26.9 hours to account for duplication of effort after Mr. Lindquist began working on Mr. Johnson's case. (*See* Resp. at 3-4.)

The court agrees that the number of hours requested by Mr. Merriam and Mr. Lindquist should be reduced. The trial in this matter consisted of a relatively straight-forward, two-day bench trial. (*See* 8/13/18 Min. Entry (Dkt. # 56); 8/14/18 Min. Entry (Dkt. # 57); 8/13/18 Tr. Trans. (Dkt. # 58); 8/14/18 Tr. Trans. (Dkt. # 59).) Mr. Johnson's opponent represented himself *pro se*. (*See* Dkt.) The court concludes that Mr. Johnson did not need more than one competent attorney to represent him in this matter. Examining Mr. Merriam's and Mr. Lindquist's time records in this matter, the court agrees with Mr. Wang that there was duplication of effort after Mr. Lindquist joined Mr.

Johnson's team. Accordingly, the court declines to award any fees for the following time entries on Mr. Merriam's time records: July 6, July 23-25, August 6, August 12-14, August 20, and September 12, 2018. (*See* Merriam Decl. ¶ 4, App. at 3-4.) In addition, the court declines to award fees for the .5 hours Mr. Merriam charged on July 30, 2018, for "[d]raft[ing] and submit[ting] [the] Stipulated Pretrial Order." (*See id.* at 4.) These items are duplicative of items on Mr. Lindquist's time records. (*Compare id.* at 3-4, *with* Lindquist Decl. ¶ 4, App. at 2-4.) Thus, the court deducts a total of 27.4 hours from the 54.8 hours Mr. Merriam requests and allows an award for only 27.4 hours of Mr. Merriam's time.

The court also excludes certain time entries by Mr. Lindquist as duplicative of Mr. Merriam's work. Those entries include: (1) .3 hours on July 10, 2018 for reviewing an order denying a discovery motion; (2) .2 hours on July 11, 2018 for reviewing an order denying a settlement conference; (3) .1 hour on July 23, 2018, for reviewing an order to show cause; and (4) .5 hours on August 1, 2018, for reviewing Mr. Wang's opposition to sanctions. (*Compare* Lindquist Decl. ¶ 4, App. at 1-2, *with* Merriam Decl. ¶ 4, App. at 3-4.) In addition, the court deducts .2 hours on July 27, 2018, for filing the pretrial order because filing a document is a purely administrative task and does not represent the rendering of legal services. Thus, the court deducts a total of 1.3 hours from the 119.8 hours Mr. Lindquist requests and allows an award for only 118.5 of Mr. Lindquist's time.

      3. <u>Reconstructed Time</u>

Mr. Wang also argues that the court should reduce the total fee award because Mr. Merriam's and Mr. Lindquist's time records were not made contemporaneously, but

rather were reconstructed after the case was completed. (Resp. at 2.) Reconstructed billing records are "inherently suspect." *See Lehr v. City of Sacramento*, No. 2:07-cv-01565-MCE-GGH, 2013 WL 1326546, at *10 (E.D. Cal. Apr. 2, 2013); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("[Reconstructed] hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony or secondary documentation."). Nevertheless, "[b]asing the attorneys' fee award in part on reconstructed records developed by reference to litigation files and other records is not an abuse of discretion." *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1472 (9th Cir. 1983) (citing *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1103 (2d Cir. 1977)).

Mr. Johnson's fee request, however, is not based in part, but rather entirely on counsel's reconstructed time records. Further, although Mr. Merriam states that his reconstructed time records "list[] only those items for which there exists a written record" (Merriam Decl. ¶ 4), his declaration does not provide any detail as to which or what kind of record underpins each time entry (*see generally id*.). Further, Mr. Lindquist makes no such representation at all in his declaration supporting his reconstructed time records. (*See generally* Lindquist Decl.) To justify their lack of contemporaneous time records, both Mr. Merriam and Mr. Lindquist note that they do not normally maintain such records because they ordinarily derive their income from contingent fees. (Merriam Decl. ¶ 4; Lindquist Decl. ¶ 4.) However, in this instance, both attorneys should have known from the start or near the start of this litigation that Mr. Johnson would be entitled to recover attorney's fees in the event his suit was successful. Thus, irrespective of their

typical practice, both attorneys should have maintained contemporaneous time records here in support of their client's claim.

The Ninth Circuit allows district courts to reduce an award of attorney's fees for counsel's failure to keep contemporaneous records. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (stating that although the lack of contemporaneous records is not "a valid basis for denying the fee application in its entirety," such a deficiency "may ultimately provide the district court with a reason to reduce the fee"); *see also Hensley*, 461 U.S. at 439 n.13 (concluding that the district court properly reduced the hours of one attorney to account for, among other things, the failure to keep contemporaneous records). For all of these reasons stated above, the court finds that an overall reduction in the fee award is warranted in this case. Courts in this Circuit have reduced fee awards for lack of contemporaneous time records by a range of 10-40%. *See, e.g.*, *Lehr*, 2013 WL 1326546, at *10 (reducing fee award by 10% for reconstructed time records); *Cook v. Harrison Med. Ctr.*, No. C13-5986 BHS, 2015 WL 530726, at *2 (W.D. Wash. Sept. 9, 2015) (reducing "tissue-thin reconstructed time records" with several discrepancies by 40% overall); *Roy v. Lohr*, No. CV 74-90 TUC DCB, 2014 WL 12564091, at *5 (D. Ariz. Aug. 8, 2014) (reducing fee award by 30% for reconstructed billing). In light of counsel's representations that they attempted to understate or estimate

//

//

//

//

their reconstructed time conservatively (*see* Lindquist Decl. ¶ 4; Merriam Decl. ¶ 4), the court will apply only a 25% reduction to the overall attorneys' fee award here.[2]

4. Calculating the Award

Accordingly, the court calculates Mr. Johnson's reasonable attorneys' fee award as follows. For Mr. Merriam, the court multiplies his hourly rate of $450.00 by 27.4 allowed hours, and then reduces this amount by 25% for a total of $9,247.50. For Mr. Lindquist, the court multiplies his hourly rate of $250.00 by 118.5 allowed hours, and then reduces this amount by 25% for a total of $22,218.75. Based on these calculations, the court awards Mr. Johnson a total of $31,466.25 ($9,247.50 + $22,218.75) in reasonable attorneys' fees.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part Mr. Johnson's motion for an award of reasonable attorneys' fees (Dkt. # 64), and AWARDS Mr. Johnson a total of $31,466.25 in reasonable fees.

Dated this 14th day of November, 2018.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[2] The court has considered the remainder of the *Kerr* factors and finds that they are either subsumed within its analysis above or irrelevant to the present circumstances. *See Blum*, 465 U.S. at 898-900 (1984); *McGrath*, 67 F.3d at 253.